Thomas M. Downey, State Bar No. 142096
Email: tdowney@burnhambrown.com
Derek H. Lim, State Bar No. 209496
Email: dlim@burnhambrown.com
Francesca Svarcas, State Bar No. 234755
Email: fsvarcas@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604

1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY

FILED
FEB - 4 2009
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS M. HODGE and KYLIE SCHUYLER HODGE, individually and as assignee of certain claims for KIRKPATRICK DEVELOPMENT, INC.; and KIRKPATRICK DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LINCOLN GENERAL INSURANCE COMPANY, a corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Action No. SACV08-00288 JVS (MLGx) <br> [Orange County Superior Court, Action No. 00044862] <br><br> **DEFENDANT LINCOLN GENERAL INSURANCE COMPANY AND PLAINTIFFS' STIPULATED PROTECTIVE ORDER** <br><br> Assigned to the Hon. James V. Selna <br><br> Complaint Filed: February 6, 2008 <br> Trial Date: May 26, 2009 |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of Confidential, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that the Stipulated Protective Order

1

does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as Confidential. The parties further acknowledge that the Stipulated Protective Order creates no entitlement to file Confidential information under seal; Local Rule 79-5.1 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party: Any party to this action, including all of its officers, directors, and employees.

2.2 Disclosure or Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: Information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c) and trade secrets pursuant to California Civil Code section 3426.1.

2.4 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 Producing Party: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party: A Party or non-party that designates information or items as "Confidential."

2.7 Protected Material: Any Disclosure or Discovery Material that is designated as "Confidential."

  2.8 <u>Outside Counsel</u>: Attorneys (as well as their support staffs) who are not employees of a Party but who are retained to represent or advise a Party in this action.

  2.9 <u>House Counsel</u>: Attorneys (as well as their support staffs) who are employees of a Party.

  2.10 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

  2.11 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

  2.12 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, private investigators, messenger services, photocopying, videotaping, or translating services, vendors that prepare exhibits or demonstrations or that organize, store, or retrieve data in any form or medium, etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by the Stipulated Protective Order cover not only Protected Material but also any information copied or extracted therefrom as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

Nothing in the Stipulated Protective Order shall prevent disclosure or use of such information, documents, or knowledge as any Party may acquire or have acquired lawfully by means other than production, discovery, or disclosure in this action. The designation of documents or information as "Confidential" under the

3

DEFENDANT LINCOLN GENERAL INSURANCE COMPANY AND
PLAINTIFFS' STIPULATED PROTECTIVE ORDER   No. SACV08-00288 JVS (MLGx)

Stipulated Protective Order shall not restrict use of duplicates or copies of the specific information, documents, or knowledge acquired lawfully and independently from this action. This Stipulated Protective Order shall not alter the rights of any such person who, notwithstanding disclosure pursuant to the Stipulated Protective Order, lawfully has access to, or possession of, documents or information designated as "Confidential" independent of disclosure pursuant to the Stipulated Protective Order.

4. <u>DURATION</u>

Even after the termination of this litigation, the Confidentiality obligations imposed by the Stipulated Protective Order shall remain in effect until a the Parties agree otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under the Stipulated Protective Order must take care to limit any such designation to specific materials that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other Parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in the Stipulated Protective Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies

for protection under the Stipulated Protective Order must be clearly so designated before the material is disclosed or produced, except that each Party that has already produced or made available material that qualifies for protection shall have 60 days to designate qualifying material as "Confidential."

Designation in conformity with the Stipulated Protective Order requires:

(a) <u>for information in documentary form</u> (apart from the transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under the Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend of "Confidential" on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party (or a non-party sponsoring, offering, or giving the testimony) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential." When it is impractical to identify

separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, any Party (or a non-party that sponsors, offers, or gives the testimony) may invoke a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of the Stipulated Protective Order.

As instructed by any Party (or a non-party that sponsors, offers, or gives the testimony), the court reporter (or the Party designating the material as "Confidential" in the event the court reporter fails to do so) shall affix to the top of each transcript page containing Protected Material the legend "Confidential."

(c) <u>for information produced in some form other than documentary</u>, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential."

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under the Stipulated Protective Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Stipulated Protective Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

If a Party disagrees, in whole or in part, with a Designating Party's designation of any information as "Confidential," the Party challenging such designation shall within thirty (30) days of receipt of the Protected Material notify the Designating Party in writing of its objections. The Parties shall then confer as to the status of the "Confidential" designation with respect to the information produced.

If the Parties are unable to reach agreement as to the status of the designation of any information as "Confidential," the Parties shall, within fourteen (14) days from the date of the challenging Party's objection, jointly file a motion with the Court seeking a resolution of the dispute. If the Parties file such a motion, the information at issue shall be treated as "Confidential" pending resolution of the dispute by the Court. In the event the Parties fail to jointly file such a motion by the specified time, either Party may bring a motion before the Court seeking a resolution of the dispute.

In addition, this agreement does not preclude any Party from moving to have any other information or material designated as protected in accordance with the rules of this Court. Any such additional information or material designated as "Confidential" shall be treated as Protected Material pursuant to the terms of this agreement.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Materials may be disclosed only to the categories of persons and under the conditions described in the Stipulated Protective Order.

7.2 <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "Confidential" only to:

 (a) Counsel for the Parties, their partners and associates as well as employees, staff, supporting personnel, and Professional Vendors of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

 (b) the Parties to this action, including without limitation, their officers, directors, and employees;

 (c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the agreement to be bound by the Stipulated Protective Order (attached hereto as Exhibit A);

 (d) the Court and its personnel;

 (e) the jury;

 (f) settlement officers and mediators;

 (g) witnesses at deposition and at trial, provided that counsel provides the witness with a copy of the agreement to be bound by the Stipulated Protective Order (attached hereto as Exhibit A) and seeks to obtain the witness's agreement to be bound by the terms. After seeking such agreement, and irrespective of whether or not the witness agrees to be bound by the terms of the Stipulated Protective Order, counsel may proceed to show Protected Material to the witness.

 (h) court reporters and videographers in this action (whether at depositions, hearings, or any other proceedings);

 (i) any person who authored, received, or saw the document or thing, the original source of the information, or anyone who was otherwise familiar with the "Confidential" information contained therein prior to this action;

(j) insurers of any Party, including without limitation, the officers, directors, employees, representatives, agents, or counsel of any such insurers; and

(k) Any other person to whom the Parties agree in writing, subject to any terms the parties agree upon in connection with such disclosure.

8. **PRODUCTION OF PROTECTED MATERIAL IN OTHER LITIGATION**

Protected Material shall not be used in any other litigation, administrative hearing, or for any other purpose without further agreement of the Parties and/or court order.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under the Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all inadvertently-disclosed copies of Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of the Stipulated Protective Order; and (d) request such person or persons to execute the agreement to be bound by the Stipulated Protective Order (attached hereto as Exhibit A).

10. **FINAL DISPOSITION**

This agreement and Order shall continue to be binding after the conclusion of this litigation except that a Party may seek the written permission of the Producing Party with respect to dissolution or modification of this agreement. The Court shall retain jurisdiction to enforce or modify the Stipulated Protective Order for one calendar year following the date of entry of final judgment or settlement.

11. **MISCELLANEOUS**

    11.1 <u>Right to Further Relief</u>. Nothing in the Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

    11.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of the Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in the Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by the Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January __, 2009          BURNHAM BROWN

                                              By: _____
                                                 Thomas M. Downey
                                                 Attorneys for Defendant
                                                 Lincoln General Insurance Company

Dated: January __, 2009          IRELL & MANELLA LLP

                                              By: _____
                                                 Richard M. Sherman
                                                 Attorneys for Plaintiffs
                                                 Douglas M. Hodge and
                                                 Kylie Schuyler Hodge, and
                                                 Kirkpatrick Development, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: February 4, 2009

                                           MARC L. GOLDMAN
                                           U.S MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of <u>Hodge et al. v. Lincoln General Insurance Company</u>, United States District Court Case No. SACV08-00288 JVS (MLGx). I agree to comply with and to be bound by all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.

    I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

902505

11
DEFENDANT LINCOLN GENERAL INSURANCE COMPANY AND
PLAINTIFFS' STIPULATED PROTECTIVE ORDER
No. SACV08-00288 JVS (MLGx)